IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR411 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| EDDIE WOODS, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 70). The government adopted the PSR (Filing No. 69). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant's objections are discussed below.

### ¶ *20, 28 - Drug Quantity; Base Offense Level*

The Rule 11(c)(1)(B) plea agreement states the parties' agreement that the Defendant, Eddie Woods, should be held responsible for at least 1 gram but less than 2 grams of a mixture or substance containing cocaine base, i.e. crack cocaine, and therefore, his base offense level should is 16. The plea agreement also states: "However, because the parties agree that the Defendant is a career offender under U.S.S.G. § 4B1.1, his base offense level is 32."(Filing No. 50, ¶ 5a.)

The PSR reflects a drug quantity of 42.5 grams of crack cocaine and a base offense level of 28. The PSR then applies the Chapter Four enhancement and, due to Woods's career offender status, places him at offense level 32.

Because the drug quantity does not affect the sentencing guideline calculation, the objection is denied.

### ¶¶ 44, 48, 52, 57, 58, 59, 61, 63, 65, 68, 70, 71, 73 - Explanatory Paragraphs

The Defendant objects to the statements from police reports in these paragraphs that relate to criminal history and asks that the explanatory paragraphs be stricken. The Court does not look with favor on blanket objections. No specific arguments are made. The objections are denied.

IT IS ORDERED:

1. The Defendant's objections to the PSR (Filing No. 70) are denied;

2. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3. Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

4. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 25th day of June, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge